09-0960-ag
Hajderlliu v. Holder

BIA
A077 935 935
A077 935 934

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of February, two thousand ten.

PRESENT:
            JOHN M. WALKER, Jr.,
            JOSÉ A. CABRANES,
            BARRINGTON D. PARKER,
                    *Circuit Judges.*

_____

LINDITA HAJDERLLIU, ALSO KNOWN AS
LINDITA HAJDERLLI, ALSO KNOWN AS BRIGITA
PREUC, ALSO KNOWN AS LINDITA NDREU,
ALTIN HAJDERLLI, ALSO KNOWN AS ALTIN
MAJDERLLI, ALSO KNOWN AS DOMEN KRASNJA,
        *Petitioners,*

        v.                                  09-0960-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONERS:        Charles Christophe, New York, New
                        York.

**FOR RESPONDENT:**     **Tony West, Assistant Attorney General; John W. Blakeley, Senior Litigation Counsel; Stefanie Notarino Hennes, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Lindita Hajderlliu and Altin Hajderlli, natives and citizens of Albania, seek review of a February 24, 2009, order of the BIA denying their motion to reopen. *In re Hajderlliu,* Nos. A077 935 935/934 (B.I.A. Feb. 24, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

As an initial matter, although Petitioners are challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS*, 448 F.3d 129, 134 (2d Cir. 2006). Contrary to Petitioners' argument we do not have

2

jurisdiction over both the BIA's February 2009 and May 2002 orders. Rather, we have jurisdiction to review only the BIA's February 2009 order because that is the only order from which Petitioners filed a timely petition for review. *See* 8 U.S.C. § 1252(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001).

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). We review for substantial evidence the BIA's evaluation of country conditions evidence submitted with a motion to reopen. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

A party may file only one motion to reopen removal proceedings, and must do so no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(1), (2). It is beyond dispute that Petitioners' motion to reopen was untimely. However, the time and number limitations do not apply to a motion to reopen that is "based on changed circumstances arising in the country of

3

nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii).  The time and number bars may also be equitably tolled to accommodate claims of ineffective assistance of counsel, provided that, among other things, the movant has exercised "due diligence" in vindicating his or his rights.  *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006).

Petitioners argue that the BIA failed to properly consider evidence in the record in determining that they did not establish changed country conditions.  This argument is unavailing.  While the BIA has an obligation to consider the "record as a whole," and may abuse its discretion by denying a motion to reopen without addressing "all the factors relevant to [a] petitioner's claim," *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 97 (2d Cir. 2001), it is not required to "expressly parse and refute...each individual...piece of evidence offered by the petitioner." *Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006).  The BIA properly considered the record as a whole, reasonably finding that the evidence Petitioners presented was neither

4

material nor previously unavailable. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Indeed, Petitioners' affidavits attest to events that purportedly occurred while they were still in Albania. Moreover, much of the evidence related to the same claim an Immigration Judge had previously found not credible. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147-48 (2d Cir. 2007).

With respect to Petitioners' ineffective assistance of counsel claim, they failed to challenge the BIA's due diligence finding in their opening brief, raising it for the first time in their reply brief. Accordingly, we deem any such argument waived. *See McCarthy v. S.E.C.*, 406 F.3d. 179, 186 (2d Cir. 2005)*; Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Because the BIA's due diligence finding was alone a proper basis upon which to reject Petitioners' ineffective assistance of counsel claim, we need not reach their other arguments. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994); *Jian Hua Wang v. BIA,* 508 F.3d 710, 715 (2d Cir. 2007). Even if we were to reach their arguments, we would find no error in the BIA's conclusion that Petitioners failed to exercise due diligence in the more than six years they sought to toll. *See*

5

*Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk